**Rodwell Arlie Anthony POOLE, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney**

General,[1] Respondent.

No. 08–4862–ag.

United States Court of Appeals,
Second Circuit.

Jan. 29, 2010.

Jennifer Oltarsh, Oltarsh & Associates, P.C., New York, NY, for Petitioner.

Jem Sponzo, Office of Immigration Litigation, United States Department of Justice, Washington D.C., for Respondent.

Present: RALPH K. WINTER, WALKER and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioner Rodwell Poole ("petitioner" or "Poole") files this petition for review of a September 16, 2008 decision and order of the Board of Immigration Appeals ("BIA") that dismissed his claim of derivative United States citizenship. The BIA issued its decision and order on remand from the Second Circuit, which previously found Poole's petition for review time-barred except with respect to his claim of derivative citizenship. *See Poole v. Mukasey,* 522 F.3d 259 (2d Cir.2008).

Petitioner argues that the BIA incorrectly held that it does not have the power to grant derivative citizenship *nunc pro tunc.* Even assuming *arguendo* that the BIA does have this power, however, petitioner has presented no evidence that the delay in processing his mother's naturalization application was "untoward" or that his mother took any action to expedite the application in light of petitioner's age. *See also Calix–Chavarria v. Att'y General,* 182 Fed.Appx. 72, 76 (3d Cir.2006) (noting circumstances in which it might be appropriate to grant derivative citizenship *nunc pro tunc* ).[2] We therefore DENY the peti-

---

1. Eric H. Holder, Jr., is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

2. The government has presented a naturalization application that purports to establish that petitioner's mother applied for naturalization after petitioner's eighteenth birthday, making him ineligible for derivative citizenship even

tion for review. The previously granted stay of deportation is VACATED.

were the BIA to possess *nunc pro tunc* power to grant it. As the naturalization application is not in the administrative record, we do not consider it. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the peti-

tion only on the administrative record on which the order of removal is based.").